RICHARD J. REYNOLDS     STATE BAR NO. 89911
TURNER, REYNOLDS, GRECO & O'HARA
A Law Corporation
16485 Laguna Canyon Road, Suite 250
Irvine, California 92618-3837

Telephone:   949 474-6900
Facsimile:   949 474-6907
E-Mail:      rreynolds@trlawyers.com

Attorneys for Defendant, MTC FINANCIAL INC. dba TRUSTEE CORPS

FILED CLERK U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIF. SANTA ANA 2009 OCT 16 PM 2: 26

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

**SACV09-01205 JVS (MLGx)**

| | |
|---|---|
| REINALDO J. AYALA and BEVERLY R. AYALA, | CASE NO. |
| Plaintiff, | Orange County Superior Court Case No. 30-2009-00307266 |
| vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(b), 1446** **(Federal Question)** |
| INDYMAC BANK FSB; ONEWEST BANK; MTC FINANCIAL, INC., dba TRUSTEE CORPS; JPMORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; and DOES 1-10 | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

   **PLEASE TAKE NOTICE** that Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS hereby removes to this Court the State Court action described below.

   On September 30, 2009 an action was commenced in the Superior Court of the State of California in and for the County of Orange, entitled REINALDO J. AYALA and BEVERLY R. AYALA, Plaintiffs, vs. INDYMAC BANK, FSB; ONEWEST BANK; MTC FINANCIAL, INC. dba TRUSTEE CORPS; JPMORGAN CHASE BANK, N.A.;

1 | MORTGAGE ELECTRONIC REGISTRATION SYSTEM; and DOES 1 - 10, Defendants,
2 | as Case No. 30-2009-00307266.   A true and correct copy of that Complaint is attached hereto
3 | as Exhibit "A." A copy of the Summons is attached hereto as Exhibit "B." A true and correct
4 | copy of the Notice of Pendency of Action is attached hereto as Exhibit "C".

6 |     This action is a civil action of which this Court has jurisdiction and is one which may
7 | be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1446 in that
8 | it contains claims arising under 15 U.S.C. §1601, et seq., commonly known as TILA (Truth
9 | in Lending), 15 U.S.C. §1637 (Ownership and Equity Protection Act ("HOEPA") and the
10 | Racketeer Influenced and Corrupt Organization Act ("RICO), 18 U.S.C. §§1961-1968.

**TURNER, REYNOLDS, GRECO & O'HARA**

Dated: October 15, 2009          By: _____
                                   RICHARD J. REYNOLDS
                                   Attorneys for Defendant
                                   MTC FINANCIAL, INC. dba TRUSTEE CORPS

853516.350

00246687 WPD; 1          **NOTICE OF REMOVAL OF ACTION UNDER U.S.C. §1441(b)**

*Law Offices of Annette L. Goudy*
*2021 E. 4th Street, Suite 200*
*Santa Ana, California 92705*
*(714) 716-6983*

By:    Annette L. Goudy, SBN 152608

ATTORNEYS FOR Plaintiffs

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 3 0 2009

ALAN CARLSON, Clerk of the Court

BY: ___N. DORPMAN___, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| REINALDO J. AYALA and<br>BEVERLY R. AYALA<br><br>Plaintiffs<br><br>VS.<br><br>INDYMAC BANK FSB ; ONEWEST BANK;<br>MTC FINANCIAL, INC., dba TRUSTEE<br>CORPS; JPMORGAN CHASE BANK, N.A.;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEM; and DOES 1 - 10 | Case No. **30-2009**<br>**00307266**<br>**COMPLAINT**<br><br>1. **DECLARATORY RELIEF**<br>2. **INJUNCTIVE RELIEF**<br>3. **FRAUDULENT**<br>   **MISREPRESENTATION**<br>4. **BREACH OF FIDUCIARY DUTY**<br>5. **UNJUST ENRICHMENT**<br>6. **CIVIL CONSPIRACY**<br>7. **CIVIL RICO**<br>8. **COMPLAINT TO QUIET TITLE**<br>   **TO REAL PROPERTY**<br>9. **USURY and FRAUD**<br>JUDGE DAVID R. CHAFFEE<br>*C - 20* |

The Plaintiffs, and each of them, complain of the Defendants and for cause of action allege as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

1.    This is an action for Declaratory and Injunctive Relief relating to an attempt to conduct a foreclosure sale of real property, and probable eviction-related proceedings to follow.

2.    Plaintiffs, and each of them have been at all times material hereto residents of Orange County, California, and of adult age. The acts and events alleged herein occurred or are occurring in Orange County, California so far as is known to the Plaintiffs.

1

COMPLAINT

EXHIBIT ___A___

PAGE ___3___

3.  Defendant INDYMAC BANK FSB, hereinafter referred to as "INDYMAC," is believed to be and to have been at all times material hereto a California corporation with an address of 155 N. Lake Avenue, Pasadena, CA 91101.

4.  Defendant ONEWEST BANK hereinafter referred to as "ONEWEST," is believed to be and to have been at all times material hereto an California corporation with offices located at 888 Walnut Street, Pasadena, California 91101.

5.  Defendant, MTC FINANCIAL, INC, dba TRUSTEE CORPS hereinafter referred to as "MTC," is believed to be and to have been at all times material hereto a California Corporation whose address is 30 Corporate Park, Suite 400, Irvine, CA 92606.

6.  Defendant, JPMORGAN CHASE BANK, N.A., hereinafter referred to as "CHASE", is believed to be and to haave been at all times material hereto a Delaware Corporation with principal offices at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

7.  Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEM, hereinafter referred to as "MERS," is believed to be and to have been at all times material hereto a Delaware Corporation whose address is P.O. Box 2026 Flint, MI 48501.

8.  Defendants named above are subject to the jurisdiction of this court pursuant to California *Code of Civil Procedure* §410.10 and relevant case law pertaining thereto. Defendants have invoked the benefits and protections of California laws by purposefully seeking to avail themselves of California's relevant foreclosure laws in connection with a Trustee's sale concerning the California real property which is the subject of this action.

9.  The real property which is the subject of this action is located at 23691 Sidney Bay, Dana Point, California, 92629, hereinafter referred to as "the property," and is further described as Assessor's Parcel Number 672-081-38 and further described as Lot 38 of Tract No. 6883, in the City of Dana Point, County of Orange, State of California, as per Map recorded in Book 269, Pages 15, 16 and 17 of Miscellaneous Maps, in the Office of the County Recorder of Said County. Parcel 2: A non-exclusive easement for the purposes set for in and over the land described in Paragraph 5 of the

2

COMPLAINT

EXHIBIT _A_

PAGE _4_

Supplementary Declaration of Covenants, Conditions and Restrictions recorded February 4, 1971 in Book 9527, Page 237, Official Records. This conveyance is made and accepted and said property is hereby granted subject to that certain Declaration of Establishment of Protective Covenants, Conditions and Restrictions recorded December 3, 1969 in Book 9153, Page 259, Official Records, and the Supplementary Declaration of Covenants, Conditions and Restrictions recorded February 4, 1971 in Book 9537, Page 237, Official Records, and the Covenants, Conditions, Restrictions, Rights, Easements, Reservations, Benefits and Burdens therein contained, each and all of which are hereby expressly incorporated herein by reference as though set out herein in full.

10. On or about June 10, 2005, Plaintiff is purported to have executed a First Deed of Trust and an Adjustable Rate Interest Only Note in favor of Defendant INDYMAC BANK FSB with Alliance Title of America, Inc., as Trustee.

11. On or about January 3, 2006, Plaintiffs are purported to have executed a Second Deed of Trust/Revolving Line of Credit and Variable Interest Rate in favor of Defendant JPMORGAN CHASE BANK, N.A. and JPMORGAN CHASE BANK, N.A., as Trustee.

12. A Notice of Trustee's Sale of Real Property Under Deed of Trust was recorded on or about October 1, 2009 in the Official Records of Orange County with Defendants MTC FIMANICAL INC. dba TRUSTEE CORPS., named as Substituted Trustee.

13. Upon information and belief, Plaintiffs, and each of them, believes and alleges that Defendants have no Note executed by the Plaintiffs in connection with the transactions represented by this lawsuit. It is also not clear whether anyone has a security interest in the Plaintiffs's home. The Plaintiffs are the owner of record according to the Orange County California Recorder's records.

14. Plaintiffs, and each of them upon information and belief alleges that such documents and legal standing necessary to conduct a foreclosure sale do not exist at this time and that Defendants INDYMAC BANK FSB ; ONEWEST BANK; MTC FINANCIAL, INC., dba TRUSTEE CORPS; JPMORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC

3

COMPLAINT

EXHIBIT 4
PAGE 5

1   REGISTRATION SYSTEM; and DOES 1 - 10 do not have them. Therefore, MTC FINANCIAL,
2   INC., dba TRUSTEE CORPS., does not have documentary authority and legal standing essential to
3   the foreclosure and Trustee Sale that is being wrongfully attempted by the Defendants. Non-judicial
4   process was never intended and could never be constitutionally applied as a mere trick to avoid due
5   process. If the Defendants wish to initiate foreclosure they must, whether it is judicial or
6   non-judicial process, possess the attributes of the basic jurisdictional elements of standing and they
7   must possess the attributes of being authorized to proceed by the true parties in interest, i.e. the
8   necessary and indispensable parties. The fact that California allows non-judicial foreclosure process
9   does not grant carte blanche to any wily person or entity to try its hand at foreclosure and see if they
10  can get away with it. The purpose of non-judicial foreclosure was to grant a "privilege" to lenders
11  who in "non contested" cases were going to foreclose and ease the burden on the court system. This
12  is not a non contested foreclosure, and Defendants do not have legal standing to attempt foreclosure.

13      15.     Defendants completed a Form 1003 Standard Mortgage Application and also a Form
14  4506 T which allows a potential mortgage lender to obtain and review the potential borrowers'
15  income tax returns. Plaintiffs's average tax reported income for the two years previous to this
16  alleged loan was approximately $25,000 per year. Petitioner's payment is approximately $3,800 per
17  month. This is ONE HUNDRED EIGHTY TWO PERCENT (182%) of the Plaintiffs's income.
18  This is clearly a DE FACTO PREDATORY LOAN and was made in violation of the Plaintiffs's best
19  interest. This was fraud and a breach of fiduciary duty on the part of the Defendants and by its
20  nature made this loan a Predatory loan in the sense that there was little if any possibility that the
21  Plaintiffs would be successful in repaying such an alleged loan.
22
23      Default Provisions of the RESPA statute provide that silence on the part of the Lender is
24  admission of the violations alleged and calls for the immediate removal of any and all liens and or
25  clouding title interests in the property or the collateral connected to the Plaintiffs.

26      16.     Upon information and belief, Plaintiffs, and each of them, believes and alleges each
27  of their credit has been damaged by the credit reporting practice of the Defendants. Plaintiffs request

28                                                  4

1  Defendants be ordered to remove all negative derogatory entries from the credit record of both

2  Plaintiffs.

3      17.    Upon information and belief, Plaintiffs, and each of them, allege that the Defendants

4  INDYMAC, ONEWEST BANK, and/or JPMORGAN CHASE may have sold any purported Note

5  that may have been connected with this property. Plaintiffs also believe no such Note is in

6  possession of Defendants which is a prerequisite to any foreclosure action. If there is not Promise to

7  Pay, then there can be no foreclosure for lack of payment. Whatever alleged note that may or may

8  not have existed at one time was sold like a cookie that had been crumbled and its crumbs cast to

9  multiplied thousands of potential purchasers. So who now is in fact the true Holder in Due Course

10 of any such alleged Note? It is unclear exactly who if anyone is the true holder in due course of any

11 note allegedly executed by the Plaintiffs. Certainly, the burden of proof rests upon the Defendants to

12 prove beyond any shadow of a doubt that they are in fact the current holder in due course of any

13 alleged note. If the Court allowed the Defendants to foreclose on Plaintiffs, then the Court would be

14 a party to an action that would place the Plaintiffs in FINANCIAL DOUBLE JEOPARDY. For if

15 the defendants were allowed to foreclose, what would happen if a true holder in due course of the

16 note appeared in the future and demanded payment, or demanded property as collateral for the note?

17

18     18.    Plaintiffs, and each of them have examined the available documentation pertaining to

19 this alleged transaction and, upon information and belief, further alleges the following:

20         a.    Defendants have no existing Note giving any legal authority to anyone to

21 foreclose upon Plaintiffs' property pertaining to this transaction and or to attempt to sell Plaintiffs'

22 home.

23

24         b.    Even if such Note does exist, there is no contract, agreement, or connection

25 between the original alleged lenders Defendants INDYMAC, ONEWEST BANK, and/or

26 JPMORGAN CHASE whereby the former has any lawful authority to affect a change of Trustee

27 and/or foreclose on Plaintiffs' property and/or order a Trustee Sale of Plaintiffs' property.

28                                        5

                                    COMPLAINT

                                                  EXHIBIT ____A____

                                                  PAGE ____7____

c. There is no legal provision or language under any alleged "Substitution of Trustee" which assigns or transfers any ownership, possessory or other rights, under either the alleged Note or the Deed of Trust granting such rights to any other person or legal entity.

d. There is no legally effective assignment of the legal rights under either the alleged Note or the Deed of Trust to any other person or legal entity.

19. Defendant MTC FINANCIAL, INC. dba TRUSTEE CORPS. has recorded in the Official Records of the County Recorder of Orange County a "Notice of Trustee's Sale" whereby said Defendant now is attempting to sell at auction to the highest bidder the property described herein and owned by Plaintiffs as her home. The said "Notice of Trustee Sale" does not set forth the identity of the true current owner and holder of any alleged Note or Deed of Trust.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF

20. Plaintiffs, and each of them, re-allege and incorporates herein as if set forth in full the allegations of Paragraphs 1-19 hereinabove as if set forth more fully herein below.

21. Pursuant to California *Code of Civil Procedure* §1060 et seq. Plaintiffs are entitled to Declaratory Relief pertaining to the transactions hereinabove alleged. This action is brought seeking such Declaratory Relief.

22. California *Code of Civil Procedure* §1060 provides that any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, may bring an action for a declaration of his or her rights and duties, including a determination of any question of construction or validity arising under the instrument or contract by virtue of said statute.

23. Plaintiffs, and each of them, are persons who are so interested. Plaintiffs seek a determination of construction and validity arising under the alleged subject legal instruments.

6

COMPLAINT

Plaintiffs seek a formal legal determination and adjudication of her rights, status, and legal relations thereunder.

24. The alleged Deed of Trust pertaining to the aforementioned transactions is both a deed and a contract within the meaning of California *Code of Civil Procedure* §1060 et seq.

25. Any alleged adjustable rate Note qualifies as a contract within the meaning of the said statutes.

26. Plaintiffs, and each of their legal rights, status and legal relationships under said alleged Note and Deed of Trust are affected by a foreclosure and trustee sale of her home which is the property in question.

27. As a direct and proximate result of the missing, confusing and conflicting information and legal notices provided by Defendants to Plaintiffs as set forth hereinabove, Plaintiffs's legal rights have been impaired and jeopardized.

28. Upon information and belief, based upon the foregoing, Plaintiffs, and each of them, allege that any Trustee Sale conducted by Defendant MTC FINANCIAL, INC. dba TRUSTEE CORPS. , would be illegal, unlawful and improper as Defendant MTC FINANCIAL, INC. dba TRUSTEE CORPS., is not in legal or lawful possession of a legal right and standing to conduct such a foreclosure.

29. Plaintiffs, and each of them, seek a Declaration that Defendant MTC FINANCIAL, INC. dba TRUSTEE CORPS., allegedly the Trustee, has no legal standing to conduct a Trustee Sale, and therefore, Defendants should be temporarily and permanently enjoined from attempting said foreclosure and Trustee Sale. Plaintiffs accordingly seeks a recordable Judgment which may be recorded establishing the said Declaration and Judgment of this Court in favor of Plaintiffs against Defendants upon the causes of action alleged herein.

30. Plaintiffs, and each of them, reserve the right to seek hereafter monetary damages in

7

COMPLAINT

EXHIBIT ____ A

PAGE ____ 9

1   excess of $10,000 as may be available to them upon proof to be adduced herein following Discovery.
2   This would include, but not be limited to, damages under California Trespass Statutes, RESPA,
3   HOEPA (Home Owner Equity Protection Act), as well as repayment of all their down payment
4   monies, all monthly payments paid to the Defendants, and each of them, and all attorney's costs and
5   reasonable expenses for this action.

## SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF

8   31.    Plaintiffs, and each of them, re-allege and incorporates herein as if set forth in full the
9   allegations of paragraphs 1-30 hereinabove as if set forth more fully herein below.

11  32.    Plaintiffs, and each of them, seek both immediate temporary and permanent
12  injunctive relief. Plaintiffs's rights under both the alleged Note and Deed of Trust have been violated
13  by the Defendants named herein.

14  33.    This action of law pertains to the loss of title, and other impairment of title, to
15  Plaintiffs's home. Plaintiffs's has no other adequate remedy at law.

17  34.    Plaintiffs, and each of them have suffered irreparable harm and continue to suffer
18  irreparable harm. If the injunctive relief herein requested is not immediately granted, Plaintiffs, and
19  each of them will continue to suffer irreparable harm. This is particularly so since courts of equity
20  have long recognized that damage to real property is unique and particularly worthy of constant
21  protection by the court.

22  35.    Plaintiffs, and each of them, believes and alleges that they have, based on the factual
23  matter asserted hereinabove, a high likelihood of success on the merits of their legal claims as set
24  forth herein.

25  36.    The future potential harm to Defendants if the relief requested by Plaintiffs, and each
26  of them, is granted to Plaintiffs is greatly outweighed by the immediate and continuing harm

28

8

COMPLAINT                    EXHIBIT ____

PAGE ____

1 Plaintiffs is suffering and will continue to suffer if the relief is not granted.

2 37. California statutory and case law is clear that equity will restrain wrongful acts where
3 it is essential to preserve and protect property interests.
4

5 38. Under the circumstances present herein, where the known facts already establish that
6 Defendants are apparently attempting to engage in a wrongful foreclosure, with no legal interest or
7 standing to act in this matter, and where Plaintiffs is in immediate danger of losing her home, no
8 bond should be required of them as a precondition of injunctive relief being granted.

9 ### THIRD CAUSE OF ACTION
10 ### FRAUDULENT MISREPRESENTATION

11 39. Plaintiffs, and each of them, re-alleges and incorporates herein as if set forth in full
12 the allegations of Paragraphs 1 through 38 hereinabove as if set forth more fully herein below.

13
14 40. Defendants INDYMAC BANK FSB ; ONEWEST BANK; JPMORGAN CHASE
15 BANK, N.A.; knowingly and intentionally concealed material information from Plaintiffs which is
16 required by State and Federal Statutes and Regulations to be disclosed to the Plaintiffs both before
17 and at the closing.

18 41. Defendants also materially misrepresented material information to the Plaintiffs with
19 full knowledge by Defendants that their affirmative representations were false, fraudulent, and
20 misrepresented the truth at the time said representations were made.

21 42. Under the circumstances, the material misrepresentations and omissions of the
22 defendant were malicious.
23

24 43. Plaintiffs, and each of them, not being investment bankers, securities dealers,
25 mortgage lenders, or mortgage brokers reasonably relied upon the representations of Defendants
26 INDYMAC BANK FSB ; ONEWEST BANK; JPMORGAN CHASE BANK, N.A. and their
27 authorized agents, in agreeing to allegedly execute the mortgage loan documents.

28

9

COMPLAINT

EXHIBIT ___A___

PAGE___//___

44.    Had Plaintiffs known of the falsity of said Defendant's representations, Plaintiffs would not have alleged entered into the transactions which are the subject of this action.

45.    As a direct and proximate cause of the Defendants material omissions and material misrepresentations, Plaintiffs, and each of them, , and each of them have suffered damages in excess of $10,000.

## FOURTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

46.    Plaintiffs, and each of them, re-alleges and incorporates herein as if set forth in full the allegations of Paragraphs 1 through 45 hereinabove as if set forth more fully herein below.

47.    Defendants INDYMAC BANK FSB ; ONEWEST BANK; JPMORGAN CHASE BANK, N.A. (by their action in contracting to provide mortgage loan services and a loan program to the Plaintiffs which was not only not best suited to the Plaintiffs given her income and expenses, but also by which the Plaintiffs would also be able to satisfy their obligations without risk of losing their home) were "fiduciaries" in which Plaintiffs reposed trust and confidence, especially given that Plaintiffs was not and is not investment bankers, securities dealers, mortgage lenders or mortgage brokers.

48.    Defendants INDYMAC BANK FSB ; ONEWEST BANK; JPMORGAN CHASE BANK, N.A. breached their fiduciary duties to the Plaintiffs by fraudulently inducing Plaintiffs to enter into a mortgage transaction which was contrary to Plaintiffs's best interest and contrary to the Plaintiffs's preservation of her home.

49.    As a direct and proximate result of the Defendant's breaches of their fiduciary duties, Plaintiffs, and each of them have suffered damages in excess of $10,000.

50.    Under the totality of the circumstances, the Defendant's actions were willful, wanton, intentional, and with a callous and reckless disregard for the rights of the Plaintiffs; thereby

10

EXHIBIT _____ A

PAGE _____ 12

justifying an award of not only actual damages, but exemplary punitive damages to serve as a

deterrent not only as to future conduct of the named Defendant herein, but also to other persons or

entities with similar inclinations.

### FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT

51.    Plaintiffs, and each of them, re-alleges and incorporates herein as if set forth fully the allegations of Paragraphs 1 through 50 hereinabove as if set forth more fully herein below.

52.    Defendants INDYMAC BANK FSB ; ONEWEST BANK; JPMORGAN CHASE BANK, N.A. had an implied contract with the Plaintiffs, and each of them, to ensure that the Plaintiffs understood all fees which would be paid to the Defendants INDYMAC BANK FSB ; ONEWEST BANK; JPMORGAN CHASE BANK, N.A. to obtain credit on Plaintiffs's behalf and to not charge any fees which were not related to the settlement of the loan without full disclosure to the Plaintiffs.

53.    Defendant INDYMAC BANK FSB ; ONEWEST BANK; JPMORGAN CHASE BANK, N.A. cannot in good conscience and equity retain the benefits from their actions of charging a higher interest rate, fees, rebates, kickbacks, profits (including but not limited to those from the resale of mortgages and notes using Plaintiffs, and each of them, identity, credit score, and reputation without the consent, right, justification or excuse as part of an illegal enterprise scheme and gains and yield spread premiums unrelated to the settlement services provided at closing.

54.    The Defendants named herein have been unjustly enriched at the expense of the Plaintiffs and maintenance of the enrichment would be contrary to the rules and principles of equity and would make the Court in fact a party in the illegal and fraudulent actions of the Defendants.

55.    Plaintiffs, and each of them, demands restitution in excess of $10,000 from all the Defendants named herein in the form of actual damages, exemplary damages, and attorney's fees and costs.

11

COMPLAINT

EXHIBIT _____ A
PAGE _____ 13

# SIXTH CAUSE OF ACTION
## CIVIL CONSPIRACY

56. Plaintiffs, and each of them, re-alleges and incorporates herein as if set forth fully the allegations of Paragraphs 1 through 55 hereinabove as if set forth more fully herein below..

57. In connection with the application for and consummation of the mortgage loan the subject of this action, Defendants agreed, between and among themselves, to engage in actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud Plaintiffs.

58. Defendants agreed between and among themselves to engage in the conspiracy to defraud for the common purpose of accruing economic gains for themselves at the expense of and detriment to the Plaintiffs.

59. The actions of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiffs.

60. As a direct and proximate result of the actions of the Defendants in combination resulting in fraud and breaches of fiduciary duties, Plaintiffs, and each of them have suffered damages.

61. Plaintiffs, and each of them, thus demands an award of actual, compensatory, and punitive damages.

# SEVENTH CAUSE OF ACTION
## CIVIL RICO

62. Plaintiffs, and each of them, re-alleges and incorporates herein as if set forth fully the allegations of Paragraphs 1 through 61 hereinabove as if set forth more fully herein below.

63. Defendants are "persons" as defined by the California Civil Code.

64. The conspiracy the subject of this action has existed from the date of application to

12

COMPLAINT

EXHIBIT _____ A

PAGE _____ 14

1  the present, with the injuries and damages resulting there from the beginning and continuing.

2      65.   Defendants' actions and use of multiple corporate entities, multiple parties, and

3  concerted and predetermined acts and conduct specifically designed to defraud Plaintiffs constitutes

4  an "enterprise", with the aim and objective of the enterprise being to perpetrate a fraud upon the

5  Plaintiffs through the use of intentional non-disclosure, material misrepresentation, and creation of

6  fraudulent loan documents.

7

8      66.   Each of the Defendants is an "Enterprise Defendant."

9      67.   As a direct and proximate result of the actions of the Defendants, Plaintiffs, and each

10  of them, , and each of them have and continues to suffer damages.

11

12                        **EIGHTH CAUSE OF ACTION**

            **COMPLAINT TO QUIET TITLE TO REAL PROPERTY**

13      68.   Plaintiffs, and each of them, re-alleges and incorporates herein as if set forth fully the

14  allegations of Paragraphs 1 through 67 hereinabove as if set forth more fully herein below.

15

16      69.   Plaintiffs, and each of them, is unaware who the actual holders in due course are and

17  the known Defendants have failed to produce a note showing they have an interest in the property.

18      70.   Plaintiffs, and each of them, by this complaint demands that the Deeds of Trust be

19  rescinded and the subject loans be canceled since the notes have been severed from the Mortgage.

20  Hence, without this action, neither the rescission nor the re-conveyance which the Plaintiffs is

21  entitled to file (as attorney in fact for the originating lender) gives Plaintiffs full and clear title to the

22  property.

23

24      71.   The real party in interest on the lender side may be the owner of the asset backed

25  security issued by the Special Purpose Vehicle, the insurer through some claim of equitable interest,

26  or the Federal Government through the United States Department of Treasury or the Federal

27  Reserve. The security is a "securitized" bond deriving its value from the underlying mortgages of

28                        13

EXHIBIT _____

PAGE _____

which the subject is one. Thus Plaintiffs is entitled to quiet title against Defendants, clearing title of the purported subject mortgage encumbrance.

72. Plaintiffs, and each of them, is ignorant if the true names and capacities of Defendants sued herein as DOES inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

73. Plaintiffs, and each of them, is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

74. Plaintiffs, and each of them, is informed and believes thereupon alleges that each of the Defendants claim or might claim an interest in the property adverse to the Plaintiffs herein. However, the claim of the Defendants is without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in said property.

75. Plaintiffs, and each of them, therefore seeks a Declaration of this court that the true title to the subject property is vested in Plaintiffs alone and that the Defendants herein, and each of them, be declared to have no interest, estate, title, or right in the subject property and that said Defendants and each of them be forever enjoined from asserting any estate, right, title, or interest in the subject property adverse to Plaintiffs herein.

76. WHEREFORE, in this Count, Plaintiffs, and each of them, prays this Court will enter judgment against Defendants and each of them, as follows:

a. For an order compelling said Defendant, and each of them, to transfer or release legal title and alleged encumbrances thereon and possession of the subject property to Plaintiffs herein;

14

COMPLAINT

EXHIBIT __A__

PAGE __16__

b.     For a declaration and determination that Plaintiffs, and each of them, is the rightful holder of title to the property and that Defendant herein, and each of them, be declared to have no estate, right, title or interest in said property;

c.     For a judgment forever enjoining said defendants, and each of them, from claiming any estate, right, title or interest in the subject property;

d.     For costs of suit herein incurred;

e.     For such other and further relief as the court may deem proper.

### NINTH CAUSE OF ACTION
### USURY and FRAUD

77.     Plaintiffs, and each of them, reaffirm and re-allege the above paragraphs 1-76 hereinabove as if set forth more fully herein below.

78.     The subject loan, note, and mortgage was structured so as to create the appearance of a higher value of the real property than the actual fair market value.

79.     Plaintiffs, and each of them, is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment. Since Defendants do not have the Note in question for these loans, Defendants, thereby have no right and no authority to bring any action against the Plaintiffs. In fact defendants do not even have the right to come into court since they have no interest in the subject property which is the home of the Plaintiffs.

80.     Defendants disguised the transaction to create the appearance of the lender being a properly chartered and registered financial institution authorized to do business and to enter into the subject transaction when in fact the real party in interest was not disclosed to Plaintiffs, as aforesaid, and neither were the various fees, rebates, refunds, kickbacks, profits and gains of the various parties

15

COMPLAINT

EXHIBIT _____
PAGE _____

who participated in this unlawful scheme.

81. Said real party in interest, i.e., the source of funding for the loan and the person to whom the note was transmitted or eventually "assigned" was neither a financial institution nor an entity or person authorized, chartered or registered to do business in this State nor to act as banking, lending or other financial institution anywhere else.

82. As such, this fraudulent scheme, (which was in actuality a plan to trick the Plaintiffs into signing what would become a negotiable security used to sell unregulated securities under fraudulent and changed terms from the original note) was in fact a sham to use Plaintiffs's interest in the real property to collect interest in excess of the legal rate.

83. The transaction involved a loan of money pursuant to a written agreement, and as such, subject to the rate limitation set forth under state and federal law. The "formula rate" referenced in those laws was exceeded by a factor in excess of 10 contrary to the applicable law and contrary to the requirements for disclosure under TILA and HOEPA.

84. Under Applicable law, the interest charged on this usurious mortgage prevents any collection or enforcement of principal or interest of the note, voids any security interest thereon, and entitles the Plaintiffs, and each of them, to recovery of all money or value paid to Defendants, plus treble damages, interest, and attorney fees if Plaintiffs hires counsel.

85. Under Applicable Law Plaintiffs are also entitled and demand a permanent injunction be entered against the Defendants (a) preventing them from taking any action or making any report in furtherance of collection on this alleged debt which was usurious, as aforesaid (b) requiring the records custodian of the county in which the alleged mortgage and other instruments are recorded to remove same from the record, (c) allowing the filing of said order in the office of the clerk of the property records where the subject property, "Loan transaction" and any other documents relating to this transaction are located and (d) dissolving any lis pendens or notice of pendency relating to the

16

COMPLAINT

EXHIBIT _____

PAGE _____

Defendants purported claim.

## RELIEF SOUGHT

WHEREFORE, having set forth numerous legally sufficient causes of actions against the Defendants, Plaintiffs, and each of them, pray for the entry of Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to be proven at trial, and for costs and attorneys' fees; that the Court find that the transactions the subject of this action are illegal and are deemed void; that the foreclosure which was instituted be deemed and declared illegal and void and that further proceedings in connection with the foreclosure be enjoined; and for any other and further relief which is just and proper. Moreover, Plaintiffs asks the Court to Temporarily and Permanently Stay any action of Foreclosure or Eviction by the Defendants against the Plaintiffs. Also Plaintiffs asks the Court for a Quiet Title action to bar the Defendants forever from coming against the Plaintiffs. The Plaintiffs, and each of them, asks the Court for not only statutory damages but also punitive damages wherever appropriate. This will send a message to the Defendants and others not to fraudulently abuse the American consuming public.

WHEREFORE, Plaintiffs, and each of them, demand Judgment herein and respectfully pray for:

1. A Declaration of their legal rights under California *Code of Civil Procedure* §1060. et seq.

2. A Declaration that they are the lawful owners of the property described, which Declaration shall continue in full force and effect with an action to quiet title from any future challenges.

3. That the Defendants be restrained from any future illegal and wrongful foreclosure as any attempt would be of no legal effect and void and would create further irreparable

17

COMPLAINT

EXHIBIT _____ A

PAGE _____ 19

harm.

4.     That the Defendants be enjoined from claiming or alleging any lawful basis for their alleged attempted foreclosure of the Property and that they be enjoined to depart hence.

5.     That a Temporary, Preliminary, and Permanent Injunction be issued against the Defendants to prevent them from seeking any unlawful detainer or eviction action.

6.     That Plaintiffs, and each of them, hereby reserve the right to seek recovery hereafter of damages in excess of $10,000 to which they may be entitled after Discovery based on potential violations of Federal and State statutes.

7.     That Plaintiffs, and each of them, recover all their reasonable attorney's expenses and costs.

8.     That Defendants remove any derogatory credit reporting entries related to Plaintiffs.

9.     That Plaintiffs, and each of them, recover other such further relief as to the Court shall seem proper

### DEMAND FOR JURY TRIAL

Plaintiffs, and each of them, demand trial by jury of all matters so triable as a matter of right.

September 30, 2009                                    Respectfully submitted,

                                                     **LAW OFFICES OF ANNETTE GOUDY**


                                                     _____
                                                     Annette Goudy, Esq.

18

COMPLAINT

Attorney for Plaintiffs

## VERIFICATION

I, REINALDO J. AYALA, am one of the Plaintiffs in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at *SANTA ANA* , California.

September 30, 2009

REINALDO J. AYALA

I, BEVERLY R. AYALA, am one of the Plaintiffs in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at *Santa Ana* , California.

September 30, 2009

BEVERLY R. AYALA

19

COMPLAINT

EXHIBIT 4
PAGE 21

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INDYMAC BANK FSB ; ONEWEST BANK; MTC FINANCIAL, INC., dba TRUSTEE CORPS; JPMORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; and DOES 1 ~ 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
REINALDO J. AYALA and BEVERLY R. AYALA

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 30 2009

ALAN CARLSON, Clerk of the Court

BY: N. DORFMAN ,DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Central Justice Center (CJC), Central Justice Center (CJC)<br>P.O. Box 1994<br>Santa Ana, CA 92702-0838 | CASE NUMBER:<br>*(Número del Caso)*<br>30-2009 00307266<br><br>JUDGE DAVID R. CHAFFEE<br>C-20 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Annette L. Goudy, Law Offices of Annette L. Goudy
2021 E 4th Street, Suite 200
Santa Ana, CA 9205 714-716-6933

| DATE:<br>*(Fecha)* SEP 30 2009 | ALAN CARLSON | Clerk, by<br>*(Secretaria)* N. DORFMAN | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT

PAGE 22

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||||||||||| 15.00
2009000517090 09:44am 09/30/09
116 B N25 4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 30 2009

ALAN CARLSON, Clerk of the Court

BY: ___N. DORFMAN___, DEPUTY

| | |
|---|---|
| 1 | RECORDIN AND WHEN [requestee n. |
| 3 | Law Offices of Annette L. Goudy |
| 4 | 2021 E. 4th Street, Suite 200 Santa Ana, California 92705 |
| 5 | _____ _ SPACE ABOVE THIS LINE FOR RECORDER'S USE |

CONFORMED COPY
Not Compared with Original

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

30-2009

| | |
|---|---|
| 9 | REINALDO J. AYALA and BEVERLY R. AYALA |
| 10 | |
| 11 | Plaintiffs |
| 12 | VS. |
| 13 | INDYMAC BANK FSB ; ONEWEST BANK; MTC FINANCIAL, INC., dba TRUSTEE |
| 14 | CORPS; JPMORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC |
| 15 | REGISTRATION SYSTEM; and DOES 1 - 10 |
| 16 | Defendants |

Case No. 00307266

NOTICE OF PENDENCY OF ACTION

[CCP Section 405.20]

JUDGE DAVID R. CHAFFEE

C-20

NOTICE OF PENDENCY OF ACTION [CCP Section 405.20]

Notice is given that the above-entitled action was filed in the above-entitled court on September 30, 2009 by REINALDO J. AYALA and BEVERLY R. AYALA, Plaintiffs, against INDYMAC BANK FSB ; ONEWEST BANK; MTC FINANCIAL, INC., dba TRUSTEE CORPS; JPMORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; and DOES 1 - 10, Defendants. The action affects title to specific real property as identified in the Complaint in the action.

The specific real property affected by the action is located in Orange County, California, and is described as follows:

23691 Sidney Bay, Dana Point, California, 92629, also described as :

1

NOTICE OF PENDENCY OF ACTION

EXHIBIT C
PAGE 23

Lot 38 of Tract No. 6883, in the City of Dana Point, County of Orange, State of California, as per Map recorded in Book 269, Pages 15, 16 and 17 of Miscellaneous Maps, in the Office of the County Recorder of Said County. Parcel 2: A non-exclusive easement for the purposes set for in and over the land described in Paragraph 5 of the Supplementary Declaration of Covenants, Conditions and Restrictions recorded February 4, 1971 in Book 9527, Page 237, Official Records. This conveyance is made and accepted and said property is hereby granted subject to that certain Declaration of Establishment of Protective Covenants, Conditions and Restrictions recorded December 3, 1969 in Book 9153, Page 259, Official Records, and the Supplementary Declaration of Covenants, Conditions and Restrictions recorded February 4, 1971 in Book 9537, Page 237, Official Records, and the Covenants, Conditions, Restrictions, Rights, Easements, Reservations, Benefits and Burdens therein contained, each and all of which are hereby expressly incorporated herein by reference as though set out herein in full.

Assessor's Parcel Number 672-081-38.

September 30, 2009

_____
Annette L. Goudy, Esq.
Attorney for Plaintiff

**ACKNOWLEDGMENT**

State of California
County of Orange

On September 30, 2009 before me, Davina Ja'neen Floyd Notary Public personally appeared Annette L. Goudy, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

DAVINA JA'NEEN FLOYD
Commission # 1834561
Notary Public - California
Orange County
My Comm. Expires Feb 1, 2013

Signature _____ (Seal)

2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV09- 1205 JVS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you

---

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
REINALDO J AYALA and BEVERLY R AYALA,

**DEFENDANTS**
INDYMAC BANK FSB; ONEWEST BANK; MTC FINANCIAL, INC , dba TRUSTEE CORPS; JPMORGAN CHASE BANK. N A ; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; and DOES 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same )
Annette L Goudy, Esq LAW OFFICES OF ANNETTE L GOUDY - 2021 E 4th Street, Suite 200. Santa Ana, CA 92705; (714) 716-6933

Attorneys (If Known)
Richard J Reynolds, Esq TURNER, REYNOLDS, GRECO & O'HARA - 16485 Laguna Canyon Road, Suite 250, Irvine, CA 92618; (949) 474-6900

**II. BASIS OF JURISDICTION** (Place an X in one box only )

☐ 1 U S Government Plaintiff  ☒ 3 Federal Question (U S Government Not a Party)

☐ 2 U.S Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant )

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only )

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: S**_____

**VI. CAUSE OF ACTION** (Cite the U S Civil Statute under which you are filing and write a brief statement of cause Do not cite jurisdictional statutes unless diversity )
Truth in Lending Act ("TILA") 15 U.S.C. Section 1601; 15 U.S.C. Section 1637 (Ownership and Equity Protection Act); RICO 18 U.S.C. Sections 1961-1968

**VII. NATURE OF SUIT** (Place an X in one box only )

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed Employers' | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & | Liability | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☒ 470 Racketeer Influenced and Corrupt Organizations | Enforcement of Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl | ☐ 350 Motor Vehicle | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U S Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SA CV09-0125 JVS (MLGx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A  Arise from the same or closely related transactions, happenings, or events; or

    ☐ B  Call for determination of the same or substantially related or similar questions of law and fact; or

    ☐ C  For other reasons would entail substantial duplication of labor if heard by different judges; or

    ☐ D  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  October 15, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended  (42 U.S.C. (g)) |